**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOSHUA STEVEN HICKS,

Movant,

v. CIVIL ACTION NO. 3:26-0491
CRIMINAL ACTION NO. 3:25-00054

UNITED STATES OF AMERICA,

Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Respondent's Motion for an Order directing Movant's former attorney to provide information related to Movant's ineffective assistance of counsel claim. *Resp't's Mot.*, ECF No. 52. For the reasons discussed herein, this Motion is **GRANTED**.

## I. BACKGROUND

On August 4, 2026, a Motion to Vacate, Set Aside, or Correct Sentence was filed by Movant Joshua Steven Hicks, pursuant to 28 U.S.C. § 2255. *Movant's Mot.*, ECF No. 48. In his motion, Movant alleges (1) ineffective assistance of counsel by Abraham J. Saad and (2) malicious prosecution by Respondent. *Id.* Specifically, Movant alleges that his former counsel, Mr. Saad, "failed to inform [Movant] and the courts of [Movant] being prosecuted under the grounds of malicious prosecution." *Id.* On August 6, 2026, this Court issued an Order directing Respondent to respond to Movant's Section 2255 Motion on or before September 3, 2026. *Order*, ECF No. 50.

Respondent filed the instant Motion on August 26, 2026, requesting that the Court order Mr. Saad to file an affidavit responding to Movant's claim of ineffective assistance of counsel.

*Resp't's Mot.* 5, ECF No. 52. Respondent further requested that the Court grant Respondent an abeyance of its Response, until Mr. Saad filed his affidavit in response to this Order. *Id.* at 6. Respondent timely filed its Response on September 3, 2026. *Resp't's Resp.*, ECF No. 53.

## II. DISCUSSION

### A. Attorney-Client Privilege

The Court considers the professional and ethical professional responsibilities of Mr. Saad and the obligations of the Court to ensure a fair and efficient process. Mr. Saad has a basic duty under the standards of professional conduct to protect Movant's attorney-client privilege.

The Local Rules require attorneys, "[i]n all appearances, action and proceedings within the jurisdiction of this court," to adhere to the "Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association [(ABA)]." LR Civ. P 83.7. The confidentiality of information shared between attorneys and their clients is addressed within the West Virginia Rules of Professional Conduct 1.6 and 1.9(c) and the ABA Model Rules of Professional Conduct 1.6 and 1.9(c). These rules substantially limit the circumstances under which an attorney may reveal privileged communications without the client's express and informed waiver of the privilege.

Rules 1.6 of the ABA Model Rules and WV Rules are almost identical and recognize circumstances where disclosure of information related to the representation of a client is permissible, to the extent the lawyer reasonably believes is necessary, to "respond to allegations in any proceeding concerning the lawyer's representation of the client" and "to comply with other law or a court order[.]" *See* ABA Model Rules 1.6(a), (b)(5-6); WV Rule 1.6(a), (b)(5-6). Both sets of rules also state that "[a] lawyer shall make reasonable efforts to prevent the inadvertent or

unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client." ABA Model Rules 1.6(c); WV Rule 1.6(c).

WV Rule 1.6, Comment 11 states that, "the lawyer must make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements minimizing the risk of disclosure." The ABA Model Rule 1.6, Comment 16, states a similar premise indicating disclosure within judicial proceedings should be made in "a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable."

On July 14, 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456, entitled "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim." Although this opinion is not binding, it provides a reasoned discussion of the competing interests that arise in the context of ineffective assistance of counsel claims and their impact on the continued confidentiality of attorney-client communications. In the opinion, the ABA acknowledges that, absent informed consent, disclosure may only be justified in limited circumstances contained within Model Rule 1.6; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than *ex parte* meetings with the non-client party. *See* ABA Comm'n on Ethics & Prof'l Responsibility, Formal Op. 10-456, at 4–5 (2010). The Court agrees that court-supervised disclosures will better protect against confidentiality concerns.

Based on the foregoing, the Court finds that Mr. Saad may, without violating the applicable rules of professional conduct, disclose information in this proceeding regarding his communication

with Movant, to the extent reasonably necessary to comply with an order of this Court and in response to the allegations of ineffective assistance of counsel.

**B. Protective Order**

The Court also addresses the issuance of a protective order prohibiting the Government's use of privileged information for any purpose outside of this proceeding.

Federal courts have also long held that when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003). Subsequent to the *Bittaker* decision, Rule 502 of the Federal Rules of Evidence was enacted to address the effect and extent of a waiver of the attorney-client privilege in a federal proceeding. Rule 502(a)[1] provides in relevant part:

> When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Here, in his Section 2255 Motion, Movant intentionally waived the attorney-client privilege that attached to some of his communications with counsel pertaining to his claim of ineffective assistance of counsel. *See Movant's Mot.*, ECF No. 48.

Still, the Court retains authority to issue a protective order governing production of the privileged information, including the method for such disclosure. *See* Rule 12, Rules Governing

[1] The Federal Rules of Evidence generally apply in a § 2255 proceeding, except to the extent that "[a] federal statute or a rule prescribed by the Supreme Court may provide for admitting or excluding evidence independently[.]" *See* Fed. R. Evid. 1101(a), 1101(b), and 1101(e). The statutes and rules governing § 2255 actions do not address the assertion or waiver of the attorney-client privilege.

§ 2255 Proceedings; Fed. R. Civ. P. 26(c); Fed. R. Evid. 502(d); Fed. R. Evid. 1101(c); *U.S. v. Nicholson,* 611 F.3d 191, 217 (4th Cir. 2010). Rule 7 of the Rules Governing Section 2255 Proceedings expressly authorizes the use of affidavits as part of the record. Under Rule 8 of the Rules Governing Section 2255 Proceedings, Movant's former counsel's affidavit would be useful to the Court to determine whether an evidentiary hearing is necessary. Moreover, such affidavit and any supporting documents should be sufficient to supply the basic information required by the Respondent to allow it to respond to Movant's Section 2255 Motion while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege.

Additionally, specific court-imposed limitations on the use of the privileged information are necessary to protect Movant's future interests. As noted by the Fourth Circuit in *Nicholson,* 611 F.3d at 217, citing *Bittaker,* 331 F.3d at 722-723, a protective order prohibiting the subsequent and unfettered use of privileged information disclosed in a Section 2255 proceeding is entirely justified, because otherwise the movant would be forced to make a painful choice between "asserting his ineffective assistance claim and risking a trial where the prosecution can use against him every statement he made to his first lawyer" or "retaining the privilege but giving up his ineffective assistance claim."

## III. CONCLUSION

For the above stated reasons, Respondent's Motion is **GRANTED**.

It is hereby **ORDERED** that Mr. Saad shall file and serve on the parties an affidavit responding to Movant's specific claim of ineffective assistance of counsel by **October 10, 2026**. More specifically, the affidavit shall include any information that Mr. Saad believes is necessary to fully respond to the claim and shall include, as attachments, copies of documents from his file that Mr. Saad believes is relevant and necessary to the determination of Movant's specific claim

of ineffective assistance of counsel. To the extent that any produced documents address other aspects of Mr. Saad's representation of Movant, Mr. Saad may redact them. In preparing the affidavit and attachments, Mr. Saad should disclose only that information reasonably necessary to ensure the fairness of these proceedings. Accordingly, it is **ORDERED** that Respondent shall file a Supplement to its Response, if any, by **October 17, 2026**. It is further **ORDERED** that the deadline for Movant to file his Reply, if any, is **EXTENDED** to **October 31, 2026**.

It is further **ORDERED** that the attorney-client privilege, which attaches to the communications between Movant and his former counsel, shall not be deemed automatically waived in any other federal or state proceeding by virtue of the above-ordered disclosure in this Section 2255 proceeding. The affidavit and documents supplied by Movant's former counsel shall be limited to use in this proceeding, and Respondent is prohibited from otherwise using the privileged information disclosed by Movant's former counsel without further order of a court of competent jurisdiction or a written waiver by Movant.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel; to mail a copy of this Memorandum Opinion and Order to Movant; and to add Movant's former counsel, Abraham J. Saad, as an "interested party" and to send a copy of this Memorandum Opinion and Order to him electronically and by first class mail.

ENTER: September 10, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE